DAVID S. McLANE, SBN 124952
Email: dmclane@mbllegal.com
McLANE, BEDNARSKI & LITT, LLP
975 East Green Street
Pasadena, California 91106
Tel: (626) 844-7660
Fax: (626) 844-7670

*Attorneys for Plaintiff*
BRYCE JAMES PITKIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE JAMES PITKIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID M. SINGER, UNITED STATES MARSHAL; DEPUTY UNITED STATES MARSHALS JOHN DOES 1-10, inclusive,<br><br>　　　　Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>***BIVENS* CLAIM - VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTH AMENDMENT**<br><br>**JURY TRIAL DEMANDED** |

## I.   INTRODUCTION

1. This is a civil action brought under the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*") concerning the false seizure, arrest and false imprisonment of Bryce James Pitkin ("Plaintiff" or "Mr. Pitkin") by the United States Marshals.

2. On July 20, 2023, Mr. Pitkin served a timely Administrative Claim under the Federal Tort Claims Act against the United States Marshals which was received on that date, which is pending.[1]  Since the false seizure, arrest and imprisonment occurred from July 22-28, 2021, this *Bivens* cause of action accrued on July 28, 2021, and this action filed within two years is timely.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

5. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) as all of the events or omissions giving rise to the claim occurred at in Los Angeles County, California, within the Central District of California.

## III.   PARTIES

6. Plaintiff Bryce James Pitkin was at all times relevant to this Complaint, an individual who had been convicted of two counts of possession of stolen mail in Cr.

---

[1] Plaintiff served a Federal Tort Claims Act administrative claim arising out of the same operative acts as this *Bivens* lawsuit on July 20, 2023, within the statute of limitations for filing such a claim.  If the claim is denied, Plaintiff will either seek leave to amend this lawsuit, or file a separate lawsuit against the United States and seek to join the two lawsuits before the Federal District Court judge assigned to this case. Plaintiff is filing a notice of related cases since the Honorable Cormac J. Carney was the judge in the criminal case where in the instant case Mr. Pitkin was seized, arrested and imprisoned falsely on a stale warrant for purported violations of his supervised release in the Cr. No. 19-272-CJC pending before Judge Carney.

No. 19-272-CJC, where the Honorable Cormac J. Carney was the presiding judge. Relevant to this Complaint, Mr. Pitkin was on supervised release at the time of the events which gives rise to his complaint.

7. At all relevant times, Defendant United States Marshal David M. Singer was the United States Marshal for the Central District of California.

8. At all relevant times, Defendant Deputy United States Marshals John Does 1-10 acted within the scope of their employment by the U.S. Marshals Service and the United States of America.

9. Plaintiff is ignorant of the true names and/or capacities of the individual United States Marshals deputies and employees, who violated Mr. Pitkin's rights which gives rise to this complaint. He sues those defendants as DOES 1 through 10, inclusive, and therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained in discovery. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages set for herein.

## IV.   FACTS

10. Plaintiff was sentenced on two counts of possession of stolen mail by the Honorable Cormac J. Carney on January 23, 2020, to 8 months in prison, and 3 years supervised release.

11. On April 27, 2020, based on a federal writ of habeas corpus to release Mr. Pitkin from federal custody because the Bureau of Prisons failed to give him credit for a state court sentence against his federal sentence as contemplated by Judge Carney when he sentenced Mr. Pitkin originally, the Court ruled that Mr. Pitkin had been wrongfully detained for 52 days, found that he had served the sentence in full, and ordered him released pursuant to a forthwith release.[2]

---

[2] Mr. Pitkin filed an FTCA administrative claim for the wrongful 52 days detention, which was denied by both the Bureau of Prisons on March 3, 2023, and by the United

12. On April 9, 2021, while on supervised release, Plaintiff was arrested by the Torrance Police Department, and when they looked up his record, they found a warrant issued by the United States Marshals for his arrest based on a supervised release violation(s). He was taken into custody and transported to federal court to appear on the supervised release violations allegations.

13. Plaintiff Pitkin appeared in federal court on April 12, 2021, and was released on bail to the Salvation Army on April 13, 2021. When he appeared in federal court and was released on bail, the warrant should have been expunged from the system by the United States Marshals since it had been fully executed. Plaintiff then appeared on the violations before Judge Carney, United States District Judge, on May 6, 2021, and his supervised release was revoked and reinstated, and he was released with his bail exonerated.

14. On July 22, 2021, Plaintiff was walking down the street, and the Santa Monica Police stopped him based on a false report by his ex-girlfriend. The police looked up his record and found that he was wanted on a United States Marshals warrant for his arrest.

15. This United States Marshals warrant turned out to be the very same warrant that had not been expunged from the system from his arrest on April 9, 2021. The stale warrant was caused to be allowed to be in the system, due to the reckless behavior by United States Marshals deputies and employees in Los Angeles who caused the stale arrest warrant to be active in the system.

16. Plaintiff is informed and believes that Defendant United States Marshal David M. Singer, who was in charge of the Marshals for the Central District of California during the events described in this complaint, was and is responsible for ensuring the

---

States Marshals on April 26, 2023. That illegal detention is not the subject of this complaint but is relevant to the damages Mr. Pitkin suffered when, as set forth in this complaint, he was illegally detained for a second time.

Marshals expunge executed and stale warrants from the system so that innocent persons are not re-arrested by federal and local agencies on the same warrant for no reason. He is liable for his supervisorial failures. He is personally involved in the violation of Plaintiff's rights because he failed to ensure that systems were in place so that stale warrants were removed from the system, failed to supervise and train deputies to prevent stale warrants from remaining in this system; and failed to ensure that Deputies do this very critical and essential function in a competent manner so that innocent people are not falsely arrested.

17. Doe Defendants Deputy United States Marshals 1-10 acted recklessly and with deliberate indifference to Plaintiff's rights against being illegal seized because they violated their own procedures to ensure that executed arrest warrants that were resolved would be expunged from the system. This caused the Santa Monica Police officers to arrest Mr. Pitkin because for all they knew the Marshals' warrant for arrest in the system was active, and their actions were the inevitable and foreseeable result of the Defendant Singer's and Doe Defendant United States Marshals 1-10 illegal actions. It would have been a derogation of the local police's duties not to arrest and incarcerate Mr. Pitkin, which is the sole fault of Doe defendant United States Marshals Deputies and Defendant Singer who caused the warrant to remain active in the system and available to local law enforcement when reviewing a criminal suspects record to see if there are wants and warrants in the system.

18. Defendant Singer and Doe Defendant Deputy United States Marshals 1-10 violated Mr. Pitkin's rights by causing this arrest warrant that had been resolved to remain active in the system. They failed to follow procedures that would ensure that the warrant was expunged when Mr. Pitkin was arrested originally on April 9, 2021. It was reasonably foreseeable to them by not expunging this stale warrant from the system that anytime Mr. Pitkin was stopped by local police he would be illegally arrested and imprisoned on this inactive and stale warrant. Defendant Singer and Doe Defendant

Deputy United States Marshals 1-10 had the authority, power and duty to prevent the false arrest and imprisonment of Mr. Pitkin, which they failed to use that power.

19. Mr. Pitkin protested his arrest and told the Santa Monica Police the warrant was old and to contact the United States Marshals. He does not know what they did, but they took him to the Santa Monica Police Station where he spent the night, then he was taken to Men's Central Jail for two days, and then Wayside Supermax for three days, and then he was brought down to Men's Central Jail and released. He spent a total of seven days in illegal custody.

20. Mr. Pitkin contacted family and his counsel, David S. McLane, and Mr. McLane contacted the United States Marshals Service in Los Angeles and spoke to deputies, and told them Mr. Pitkin was being illegally detained on a previously executed warrant that should not have been in the system, and that he should be released immediately.

21. Through no fault of his own, Mr. Pitkin spent 7 days in jail which he should not have spent in jail. He never made it into federal custody, never appeared in federal court on the stale warrant, and was released from the County Jail.

## V.     DAMAGES

22. Plaintiff was physically, mentally and emotionally injured as a direct and proximate result of Defendant's actions. He lost his freedom and was wrongfully imprisoned through no fault of his own, and solely due to the illegal conduct of the defendants. He also lost his property he had at the Salvation Army where he was rehabilitating at the time for substance abuse; and he had to restart his substance abuse treatment. The illegal arrest interfered with his supervised release supervision. He also contracted Covid-19 while in County custody. This illegal detention compounded his prior illegal detention where he illegally spent an extra 52 days in custody, thereby exacerbating the trauma and damages suffered for a second illegal detention – Mr. Pitkin believes he must be wearing a sign saying, "Illegally arrest me – federal

authorities." Mr. Pitkin is just trying to move on with his life, and be allowed to live in peace, a peace that has been continually improperly interrupted by the federal authorities, the first time by the Bureau of Prisons, and this time by Defendants.

## VI.     CLAIM FOR RELIEF

**First Claim for Relief:  *Bivens* Cause of Action for Violation of the Fourth Amendment**

*Against Defendant Singer and Doe Defendant Deputy United States Marshals 1-10*

23.   Plaintiff realleges all foregoing and subsequent paragraphs as if fully set forth therein.

24.   At all relevant times, Defendant Singer and Doe Defendant Deputy United States Marshals 1-10 were acting under the color of federal authority.

25.   Under the Fourth Amendment of the United States Constitution, Plaintiff has a constitutionally protected right to be free of illegal seizures, false arrests and imprisonment by federal law enforcement authorities.

26.   Plaintiff was illegally seized, arrested and imprisoned as a result of the stale and already fully executed warrant as a result of Defendant Singer and Doe Defendant Deputy United States Marshals 1-10 causing the stale warrant to result in Plaintiff's illegal seizure, false arrest and false imprisonment.  Defendant Singer failed in his supervisorial duties - - by failing to train, supervise, discipline, and ensure that policies, customs and practices were in place so that stale warrants were removed from the system, thus being integrally involved in the harm caused to plaintiff through the stale warrant. The Defendants were reckless and deliberately indifferent to Plaintiff's constitutional rights. The Defendants caused an illegal warrant to remain in the system where there was no basis to re-arrest Plaintiff Pitkin on the fully executed and stale warrant.  There was no probable cause for the warrant, and thus his Fourth Amendment rights against an illegal seizure were violated.

27. Defendants acted in reckless disregard to Plaintiff Pitkin's constitutional rights, and it was reasonably foreseeable their conduct would result in his illegal arrest and detention.

28. There is no qualified immunity for the illegal arrest and seizure of Plaintiff on the stale warrant lacking in probable cause, because at the time of the illegal seizure it has been clearly established for decades a person may only be arrested based on probable cause. A stale and already executed arrest warrant for conduct previously resolved in Court by Judge Carney base on his original arrest on April 9, 2021, does not give rise to probable cause again for a second arrest on July 22, 2021, and his continuous illegal detention until July 28, 2021.

29. The actions, conduct and omissions of Defendants violated the rights of Plaintiff Pitkin under the Fourth Amendment to the United States Constitution, causing him damages as set forth above.

## VII.   REQUESTED RELIEF

Wherefore, Plaintiff respectfully requests:

A. Compensatory damages;

B. Punitive damages;

C. Reasonable attorneys' fees and costs;

D. Injunctive relief to ensure this does not happen to other persons; and,

E. Such other and further relief as may appear just and appropriate.

DATED:   July 21, 2023         McLane, Bednarski & Litt, LLP

By: /s/ David S. McLane
      David S. McLane
      Attorneys for Plaintiff
      BRYCE JAMES PITKIN

## VIII.  JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:     July 21, 2023          M<small>C</small>L<small>ANE</small>, B<small>EDNARSKI</small> & L<small>ITT</small>, LLP

By: */s/ David S. McLane*
    David S. McLane
    Attorneys for Plaintiff
    BRYCE JAMES PITKIN